UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
[*Ft. Lauderdale Division*]
www.flsb.uscourts.gov

IN RE:	CASE NO. 14-31629-JKO
	Chapter 7

Oneil Robinson and Donna Marie Smith fka Donna Marie Griffin fka Donna Marie Ferguson

      Debtor(s).
_____/

### BANK OF AMERICA, N.A.'S RESPONSE AND MOTION TO HOLD DEBTORS' MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN HELD ON REAL PROPERTY BY BANK OF AMERICA IN ABEYANCE

Bank of America, N.A. ("Bank of America") through undersigned counsel, hereby responds to Debtors Oneil Robinson and Donna Marie Smith fka Donna Marie Griffin fka Donna Marie Ferguson's ("Movants") Motion to Value and Determine Secured Status of Lien Held on Real Property by Bank of America (the "Motion") [ECF 12] and moves this Honorable Court to hold the Motion in abeyance pending a final resolution of the issue presented by the en banc Court of Appeals or by the Supreme Court. In support of this motion, Bank of America represents as follows:

1. Movants are the debtors in the above-captioned chapter 7 bankruptcy case, which was initiated by the Movants' filing of a voluntary petition on September 29, 2014.

2. Movants own real property located at 7116-7118 NW 78 Avenue, Tamarac, Florida 33321 (the "Property").

3. The Property is subject to two mortgage liens. Pursuant to the Movants' Schedules, as of the filing of the voluntary petition (and as of the date of this Motion), the

CASE NO. 14-31629-JKO
**Chapter 7**

amount outstanding on the first-priority mortgage (approximately $303,892.00) exceeds the fair market value of the Property.

4. Bank of America is the holder and/or servicer in respect of a second-priority mortgage, in the approximate amount of $75,594.00 (the "Second Lien").

5. The issue raised by the Movants' Motion is whether the Bankruptcy Code permits a chapter 7 debtor to "strip off" a junior mortgage lien when the value of the property securing that lien is less than the amount of outstanding debt secured by a senior mortgage lien on the property.

6. Under the reasoning of the U.S. Court of Appeals for the Eleventh Circuit in *McNeal v. GMAC Mortgage, LLC*, 735 F.3d 1263 (11th Cir. May 11, 2012), on the facts above, the Second Lien may be "stripped off," or "voided," under 11 U.S.C. § 506(d). In *McNeal*, the Eleventh Circuit held that its prior decision in *Folendore v. United States Small Bus. Admin.*, 862 F.2d 1537 (11th Cir.1989), controlled analysis of the question presented here: Whether a junior lien that is completely underwater because a senior lien exceeds the value of the property is "voidable under the plain language of section 506(d)." *McNeal*, 735 F.3d at 1265 (quoting *Folendore*, 862 F.2d at 1538–39). *Folendore* had concluded that such a lien could be stripped off under Section 506(d). The *McNeal* panel acknowledged the Supreme Court's intervening decision in *Dewsnup v. Timm,* 502 U.S. 410 (1992), "which concluded that a Chapter 7 debtor could not 'strip down' a partially secured lien [i.e., a lien that exceeds the value of the collateral] under section 506(d)." *McNeal*, 735 F.3d at 1265. But, relying on the Eleventh Circuit's "prior panel precedent rule"—that "'a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is clearly on point,'" *id.* (quoting *Atl. Sounding Co., Inc. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007))—the *McNeal* panel concluded that

it was bound by *Folendore* notwithstanding *Dewsnup*: "Because *Dewsnup* disallowed only a 'strip down' of a partially secured mortgage lien and did not address a 'strip off' of a wholly unsecured lien, it is not 'clearly on point' with the facts in *Folendore* or with the facts at issue in this appeal." *Id.*

7. By order dated August 2, 2013, the Eleventh Circuit ordered that its decision in *McNeal* be published, and it has since been published. *See* Order, *In re McNeal*, No. 11-11352 (11th Cir. Aug. 2, 2013).

8. At least twenty-three other cases presenting the identical issue presented here are currently pending in the Eleventh Circuit. *See Bank of America, N.A. v. Braswell*, No. 13-15777 (11th Cir.); *Bank of America, N.A. v. Buenaseda*, No. 13-15037 (11th Cir.); *Bank of America, N.A. v. Lakhani*, No. 14-12749 (11th Cir.); *Bank of America, N.A. v. Evans*, No. 14-12887 (11th Cir.); *Bank of America, N.A. v. Beursken*, No. 14-12546 (11th Cir.); *Bank of America, N.A. v. Sardina*, No. 14-12563 (11th Cir.); *Bank of America, N.A. v. Glaspie*, No. 14-13373 (11th Cir.); *Bank of America, N.A. v. Allen*, No. 14-13002 (11th Cir.); *Bank of America, N.A. v. Rayoni*, No. 14-13364 (11th Cir.); *Bank of America, N.A. v. Corrad*, No. 14-13556 (11th Cir.); *Bank of America, N.A. v. Hackbart*, No. 14-13532 (11th Cir.); *Bank of America, N.A. v. Hawkins*, No. 14-13533 (11th Cir.); *Bank of America, N.A. v. Bogdan*, No. 14-13507 (11th Cir.); *Bank of America, N.A. v. Langford*, No. 14-14062 (11th Cir.); *Bank of America, N.A. v. Brantley*, No. 14-14220 (11th Cir.); *Bank of America, N.A. v. Cumpson*, No. 14-13614 (11th Cir.); *Bank of America, N.A. v. Marshall*, No. 14-14031 (11th Cir.); *Bank of America, N.A. v. Orea*, No. 14-14358 (11th Cir.); *Bank of America, N.A. v. Yarbrough*, No. 14-14597 (11th Cir.); *Bank of America, N.A. v. Tower*, No. 14-14222 (11th Cir.); *Bank of America, N.A. v. Rubio*, No. 14-14632 (11th Cir.); *Bank of*

CASE NO. 14-31629-JKO
Chapter 7

*America, N.A. v. Jackson*, No. 14-14626 (11th Cir.); *Bank of America, N.A. v. Corrad*, No. 14-14683 (11th Cir.).

9. In addition, in *Bank of America, N.A. v. David Caulkett*, No. 14-10803 (11th Cir.)—another case presenting the same issue—the Eleventh Circuit recently issued an unpublished, per curiam opinion relying on *McNeal* and *Folendore* and affirming the decision of the bankruptcy court stripping Bank of America's lien. Bank of America subsequently filed a petition for writ of certiorari to the Supreme Court. *See Bank of Am., N.A. v. Caulkett*, No. 13-1421 (U.S.). A brief in opposition to the petition was filed on October 6, 2014. Bank of America filed a reply brief on October 21, 2014, and the petition has been distributed for conference on November 7, 2014.

10. In light of the cases pending in the Eleventh Circuit, Judges of other Courts in this Circuit have granted motions to hold in abeyance in other cases involving the same question presented here. *See* Order Granting Motion to Hold Debtors Motion to Determine Secured Status and Strip Lien of Bank of America in Abeyance, *Bank of America, N.A. v. Steven J. & Carrie F. Gnerre*, No. 13-08158-FMD, Dkt. 20 (Bankr. M.D. Fla. Oct. 23, 2013); Agreed Order Granting Bank of America, N.A.'s Response and Motion to Hold Debtor's Verified Motion to Determine Secured Status of Bank of America Home Loans (Second Mortgage) in Abeyance, *Bank of America, N.A. v. Susan M. Gilleland*, No. 8:13-bk-11801-MGW, Dkt. 81 (Bankr. M.D. Fla. September 18, 2014); Order Continuing Indefinitely Pending Ruling by Supreme Court, *Bank of America v. James Richard Corriveau and Rose Anne Corriveau*, No. 13-40717-KKS, Dkt. 77 (Bankr. N.D. Fla. July 18, 2014); Order Granting Bank of America, N.A.'s Motion to Hold Debtors' Motion to Determine Secured Status and to Strip Lien of Mortgage Company on Debtor's Principal Residence in Abeyance (Doc. #54), *Bank of America, N.A. v. Richard D.*

**CASE NO. 14-31629-JKO**
**Chapter 7**

*Mayo and Marcia D. Mayo*, Case No. 14-30209-KKS, Dkt. 64 (Bankr. N.D. Fla. August 6, 2014).

11.     Bank of America disputes the correctness of the analysis in *McNeal* and *Folendore* and expressly reserves its rights in respect thereof, including the right to appeal any order by this Court voiding the Second Lien.  Nonetheless, Bank of America acknowledges that a challenge to *McNeal* and *Folendore*—other than before the en banc Eleventh Circuit or the Supreme Court—would be futile.

12.     Because the Eleventh Circuit has before it several other cases raising the same issue as in this case (and in light of the petition for writ of certiorari filed in *Caulkett*), the Movants' Motion should be held in abeyance pending a final resolution of the issue by the en banc Court of Appeals or by the Supreme Court.

13.     Based on the foregoing, Bank of America respectfully requests that the Court grant this motion and enter the order attached as <u>Exhibit A</u> to this motion.

14.     Alternatively, if the Court decides not to hold this case in abeyance, Bank of America respectfully submits that this Court should enter an order granting the Movants the relief sought in this action, but that the effectiveness of any order stripping the Second Lien on the Property should be stayed pending the final resolution of any and all appeals from that order.

            Respectfully submitted,

            By:  */s/ Mark E. Steiner*
            Laudy Luna Perez
            FBN: 44544
            Mark E. Steiner
            FBN: 28513
            Liebler, Gonzalez & Portuondo
            44 West Flagler Street, Suite 2500
            Miami, Florida 33130
            (305)379-0400
            Email: LLP@lgplaw.com

CASE NO. 14-31629-JKO<br>**Chapter 7**

## **CERTIFICATE OF SERVICE**

I hereby certify that on 3rd day of November 2014, a copy of the *Motion to Hold Debtors' Motion to Value and Determine Secured Status of Lien Held on Real Property by Bank of America in Abeyance* was served via the Court's electronic case filing system on all of those parties receiving electronic notice in the above-referenced case and via U.S. Regular Mail to the following parties:

- Attorney for the Debtors, Andrew A Ponnock, 10100 W Sample Rd 3 Flr, Coral Springs, FL 33065
- Oneil Robinson, 5400 SW 22 Street, Hollywood, FL 33023
- Donna Marie Smith, 2376 NW 87 Drive, Coral Springs, FL 33065
- Chapter 7 Trustee, Scott N Brown, 1 SE 3 Ave #1440, Miami, FL 33131
- U.S. Trustee, Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130

/s/ Mark E. Steiner<br>MARK E. STEINER

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
[*Ft. Lauderdale Division*]
www.flsb.uscourts.gov

IN RE:

CASE NO. 14-31629-JKO
Chapter 7

Oneil Robinson and Donna Marie Smith fka Donna Marie Griffin fka Donna Marie Ferguson

Debtor(s).
_____/

### ORDER GRANTING BANK OF AMERICA, N.A.'S RESPONSE AND MOTION TO HOLD DEBTORS' MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN HELD ON REAL PROPERTY BY BANK OF AMERICA IN ABEYANCE

THIS CAUSE having come before this Court upon Bank of America N.A.'s Response and Motion to Hold Debtors' Motion to Value and Determine Secured Status of Lien Held on Real Property by Bank of America in Abeyance [ECF __] (the "Motion"), and the Court having reviewed the Motion and the file, and being otherwise advised in the premises, it is

ORDERED AND ADJUDGED, as follows:

1. The Motion is hereby GRANTED.

CASE NO. 14-31629-JKO<br>
**Chapter 7**

2.	The Debtors' Motion to Value and Determine Secured Status of Lien Held on Real Property by Bank of America [ECF 12] will be held in abeyance pending a final resolution by the en banc Court of Appeals or by the Supreme Court on the issue raised therein:

> Whether the Bankruptcy Code permits a chapter 7 debtor to "strip off" a junior mortgage lien when the value of the property securing that lien is less than the amount of outstanding debt secured by a senior mortgage lien on the property.

Done and ordered on _____.

_____
HONORABLE JOHN K. OLSON
UNITED STATES BANKRUPTCY JUDGE

Conformed copies to:

Laudy Luna Perez
Mark E. Steiner
Liebler, Gonzalez & Portuondo
44 West Flagler Street, Suite 2500
Miami, Florida 33130
*Counsel for Bank of America, N.A.*

Andrew A Ponnock
10100 W Sample Rd 3 Flr
Coral Springs, FL 33065
*Counsel for the Debtors*

Oneil Robinson
5400 SW 22 Street
Hollywood, FL 33023

Donna Marie Smith
2376 NW 87 Drive
Coral Springs, FL 33065

Chapter 7 Trustee
Scott N Brown
1 SE 3 Ave #1440
Miami, FL 33131

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave., Suite 1204
Miami, FL 33130

Attorney Mark E. Steiner shall serve a copy of this Order on interested parties and file proof of service within three days of the entry of the Order.